UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VLADIMIR ZHOVNIR,

                  Plaintiff,

   -against-

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
-----------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
CV-05-3129 (NGG)

GARAUFIS, District Judge.

Vladimir Zhovnir ("Plaintiff") has brought this action pro se pursuant to 42 U.S.C. § 405(g), as amended, 42 U.S.C. § 1383(c)(3), to challenge the determination by the Commissioner of Social Security, Jo Anne B. Barnhart ("Commissioner"), denying his application for Supplemental Security Income ("SSI"). The Plaintiff maintains that he is disabled because of, *inter alia,* diabetes, a heart problem, chest pain, arthritis and a skin condition. The Commissioner, in response to the Plaintiff's complaint, moved for remand of the case for further proceedings and development of the record. The Commissioner's motion was filed on March 7, 2006. To date, three months later, there has been no reply from the Plaintiff. The court, therefore, deems this an unopposed motion for remand. For the reasons set forth below, the Commissioner's motion is GRANTED.

**I.    BACKGROUND**

Plaintiff applied for SSI on June 18, 2000, claiming he became disabled on January 1,

1

1993. (Tr. 37-40).[1]  Plaintiff's application was denied (Tr. 18-21), at which point he requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. 22).  Plaintiff's hearing was held on February 25, 2002 before ALJ Michael S. London.  (Tr. 185-204).  On April 25, 2002, ALJ London issued a decision in Plaintiff's case finding the Plaintiff was not disabled because, although unable to return to former employment, he could perform other work which exists in significant numbers in the national economy.  (Tr. 10-16).  Timely commencement of this suit followed.

The court has reviewed the administrative record submitted in connection with this case, including the relevant medical and non-medical evidence.  Because I find that remand is appropriate for further development of the record, it is not necessary to summarize the record in this decision.

## II. DISCUSSION

### A. *Standard of Review*

The role of a district court in reviewing the Commissioner's final decision is limited.  The court determines only whether the Commissioner's conclusions "'are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard.'"  Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (quoting Beauvoir v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)); see also 42 U.S.C. § 405(g).  If supported by "substantial evidence," the findings of the Commissioner as to any fact shall be conclusive.  Richardson v. Perales, 402 U.S. 389, 390 (1971).  "Substantial evidence" is "more than a mere scintilla.  It means such relevant evidence

---

[1] "Tr." refers to the numbered pages of the transcript of the Administrative Record filed with the court by the Commissioner.

as a reasonable mind might accept as adequate to support a conclusion." Id. at 401 (internal citations omitted). "It is the function of the [Commissioner], not [the reviewing courts] to resolve evidentiary conflicts and to appraise the credibility of witnesses . . . ." Aponte v. Sec'y, Dep't of Health & Human Servs., 728 F.2d 588, 591 (2d Cir. 1984) (internal citation and quotation marks omitted).

Where the correct legal standards have not been applied, a case should be remanded for further proceedings even if there is substantial evidence to support the finding that a claimant is not disabled. See Schaal, 134 F.3d at 504. The Second Circuit has explained:

> "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Where application of the correct legal standard could lead to only one conclusion, we need not remand.

Id. (quoting Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987)). A remand for further proceedings is authorized by the fourth sentence of 42 U.S.C. § 405(g) in cases where the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the laws and regulations. Rosa v. Callahan, 168 F.3d 72, 82-3 (2d Cir. 1999); see also Melkonyan v. Sullivan, 501 U.S. 89 (1991).

### B.  *Decision of the ALJ*

To receive benefits, a claimant must be "disabled" within the meaning of the Social Security Act. Shaw v. Chater, 221 F. 3d 126, 131 (2d Cir. 2000). The Commissioner must utilize a five-step sequential analysis to determine whether an individual is entitled to disability benefits:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps.

20 C.F.R. § 404.1520; Shaw, 221 F.3d at 132 (citing DeChirico v. Callahan, 134 F.3d 1177, 1179-80 (2d Cir. 1998)).

The Commissioner may meet its burden of proof on the final step, and show that a claimant can perform other work that exists in the national economy, through the use of the Social Security Administration's ("SSA") Medical-Vocational guidelines tables ("Grid"). The Grid "provide[s] predeterminations of disability or non-disability for individual cases based on various combinations of residual functional capacity, age, education and work skill." Davis v. Shalala, 883 F. Supp. 828, 832 (E.D.N.Y. 1995).

### C. The Treating Physician's Rule

ALJ London determined that Plaintiff suffers from arthritis, which he classified as a severe impairment. (Tr. 11). With respect to his claims of chest pain, hypertension, diabetes

4

mellitus, gout and psoriasis, the ALJ concluded that these conditions were non-severe as they were controlled for the most part by medication. (Id.). ALJ London found that the severe impairment of arthritis limited the Plaintiff to sedentary work. (Id. at 14). ALJ London wrote:

> The undersigned finds that the claimant retains the residual functional capacity to perform the exertional demands of sedentary work or work which never requires lifting in excess of ten pounds (20 CFR 416.967). The claimant has no non-exertional limitations which significantly narrow the range of work he can perform. It must be emphasized that this is consistent with the opinion of Dr. Brodsky, the claimant's treating physician who on two separate instances filled out assessments finding a sedentary capacity.

(Tr. 14).

The Commissioner seeks remand in this case because the ALJ's conclusion that Plaintiff has no non-exertional limitations is inconsistent with evidence from plaintiff's treating physician, Dr. Brodsky, who in fact reported a number of postural and environmental limitations. (See id. at 177-179). The court agrees that ALJ London incorrectly interpreted Dr. Brodsky's findings, and in general failed to adequately consider and address the treating source evidence.

Thus, this court finds that the ALJ has failed to comply with the treating physician's rule, as articulated by the Second Circuit:

> a treating physician's opinion on the subject of medical disability, i.e., diagnosis and nature and degree of impairment, is: (i) binding on the fact-finder unless contradicted by substantial evidence; and (ii) entitled to some extra weight because the treating physician is usually more familiar with a claimant's medical condition than are other physicians, although resolution of genuine conflicts between the opinion of the treating physician, with its extra weight, and any substantial evidence to the contrary remains the responsibility of the fact-finder.

Havas v. Bowen, 804 F.2d 783, 785 (2d Cir. 1986) (quoting Schisler v. Heckler, 787 F.2d 76, 81 (2d Cir. 1986)). "The opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence." Rosa v.

5

Callahan, 168 F.3d 72, 78-79 (2d Cir.1999); 20 C.F.R. § 404.1527(d)(2).  An ALJ is not bound to an assessment by the treating physician of the Plaintiff's ability; however, an ALJ is required to provide "good reasons" to accord the opinion other than controlling weight.  See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 416.927(d)(2).  Further, if the ALJ decides that the treating physician's opinions are not to be given controlling weight, the ALJ must specify what "reduced weight to give them."  Johnson v. Apfel, No. 97-CV-3442, 1998 U.S. Dist. LEXIS 9939, at *15 (E.D.N.Y. July 2, 1998).  In reaching this decision, an ALJ must apply the factors set forth in 20 C.F.R. § 404.1527(d)(2)-(6), including:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

Halloran, 362 F.3d at 32.

ALJ London incorrectly applied the treating physician's rule as he did not sufficiently support his decision not to afford Dr. Brodsky's opinion controlling weight.  The record, therefore, has not been fully developed, and the proper remedy is remand for further proceedings. See Rosa, 168 F. 3d at 83.

## III. CONCLUSION

For all of the reasons stated herein, the Commissioner's unopposed motion for remand is GRANTED. This case is remanded for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).


SO ORDERED.


Dated: June 16, 2006            /s/ Nicholas G. Garaufis
     Brooklyn, N.Y.           Nicholas G. Garaufis
                                                   United States District Judge